UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
MCGM, GmbH,

                            Plaintiff,

                                                                                                         22-cv-5851 (PKC)

                        -against-                                                  ORDER

OPTA GROUP LLC, SPEYSIDE EQUITY LLC,
SPEYSIDE EQUITY FUND LLP, JOHN AND
JANE DOE 1-99, KAY MICHEL, KEVIN
DAUGHERTY, JEFF STONE, OLIVER MAIER,
OPTA MINERALS, INC., SPEYSIDE PRIVATE
ADVISERS LLC, SPEYSIDE PRIVATE FUND
LLP, SPEYSIDE EQUITY 1 LP, and OLIVER
MAIER,

                             Defendants.
-----------------------------------------------------------x

CASTEL, U.S.D.J.

          This Order dismisses plaintiff MCGM's claims against certain defendants based on the failure to timely effectuate service of process pursuant to Rule 4(m), Fed. R. Civ. P.

          The Court's Opinion and Order of March 21, 2024 directed as follows:

> Within 14 days, plaintiff shall file a letter-brief setting forth the date, time and circumstances of service of process on Michel, Daugherty, Speyside Private Fund Advisers LLC and Speyside Private Fund LLP, including compliance with Rules 4(l) and (m), Fed. R. Civ. P. Plaintiff shall also show cause in the same letter-brief why any defendant required to be served within the time limit set by Rule 4(m) but who has not been so served ought not be dismissed without prejudice.

(ECF 91 at 19.) MCGM thereafter filed a letter-brief, and counsel to defendants OPTA Group LLC, OPTA Inc., Speyside Equity Fund 1 LP, Jeffrey Stone and Oliver Maier responded. (ECF 106, 113.)

"The plaintiff is responsible for having the summons and complaint served within the time allowed by Rule 4(m) . . . ." Rule 4(c)(1), Fed. R. Civ. P. "If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." Rule 4(m). "'[A]ttorney neglect' does not constitute good cause sufficient for an extension of the period to make service." Harmon v. Bogart, 788 Fed. App'x 808, 809 (2d Cir. 2019) (summary order). "[A] district court may grant an extension in the absence of good cause, but it is not required to do so." Zapata v. City of New York, 502 F.3d 192, 197 (2d Cir. 2007) (emphasis in original).

MCGM filed the Complaint in New York Supreme Court, New York County on December 31, 2021. (ECF 1-13.) The case was removed by defendant OPTA Group LLC on July 8, 2022, within 30 days of service being effectuated upon it. (ECF 1.) At that time, the only defendants were OPTA Group, LLC, Speyside Equity LLC, Speyside Equity Fund LLP and John and Jane Doe 1-99. (ECF 1.) An Amended Complaint filed on September 16, 2022 added the following defendants: Kay Michel, Kevin Daugherty, Jeff Stone, Oliver Maier, OPTA Minerals, Inc., Speyside Private Fund Advisers LLC, Speyside Private Fund LLP and Speyside Equity 1 LP. (ECF 11.) MCGM's 90-day period to effectuate service of process upon these new defendants elapsed on December 15, 2022. MCGM filed no extension requests and did not

otherwise advise the Court of any difficulties in attempting to effectuate service. MCGM does not now urge that it has good cause for its failure to timely serve any defendant.

MCGM's claims against the following defendants will be dismissed without prejudice because MCGM did not timely effectuate service of process upon them and because it has not shown good cause for its failure to do so:

Kay Michel. MCGM acknowledges that it did not attempt to service process upon Michel and states that he is beyond the Court's jurisdiction. (ECF 106 at 1.) MCGM does not attempt to show good cause for its failure to effectuate service or request an extension of time to do so. All claims against Michel will be dismissed.

Kevin Daugherty. MCGM states that it attempted to effectuate service on October 10, 2022 at his home address on East 86th Street in Manhattan. (Id.) "Doorman denied that defendant resided at this address. Plaintiff unable to locate defendant's new address." (Id.) MCGM does not attempt to show good cause for its failure to effectuate service or request an extension of time to do so. All claims against Daugherty will be dismissed.

Speyside Private Fund Advisers LLC. MCGM states that it attempted to effectuate service on October 10, 2022 at an office building located in Brighton, Michigan. (Id.) "Building staff reported defendant no longer at that address and left no forwarding address." MCGM does not attempt to show good cause for its failure to effectuate service or request an extension of time to do so. All claims against Speyside Private Fund Advisers LLC will be dismissed.

Speyside Private Fund LLP.[1] MCGM states that it attempted to effectuate service on October 17, 2022 at an address on East 86th Street in Manhattan. (Id.) "Process server

[1] This defendant is identified in plaintiff's pleadings as Speyside Private Fund LLP, but plaintiff's letter of April 13 refers to it as an LLC, apparently in error.

reported defendant unknown." (Id.) MCGM does not attempt to show good cause for its failure to effectuate service or request an extension of time to do so. All claims against Speyside Private Fund LLP will be dismissed.

Speyside Equity LLC. Anthony B. Ullman of Dentons US LLP is listed on the docket as the attorney for Speyside Equity LLC.[2] In a letter of February 9, 2023, Mr. Ullman stated that the Rule 4(m) deadline to effectuate service upon Speyside Equity LLC expired on December 15, 2022. (ECF 38 at 2.) In a letter of April 10, 2023, Mr. Ullman again stated that service had not been effectuated upon Speyside Equity LLC and requested that the Court dismiss the claim against it sua sponte. (ECF 52 at 2.) MCGM did not respond to these arguments, either to assert that service had been effectuated or to request an extension. However, in its recent letter of April 17, 2024, MCGM now asserts that service was effectuated on Speyside Equity LLC through the Delaware Secretary of State on January 19, 2023, and annexes an affidavit of service reflecting the same. (ECF 106 at 2; 106-1.) Mr. Ullman notes that MCGM did not previously reference its claimed effectuation of service despite the issue having been raised twice in prior letter briefs. (ECF 113 at n.1.)

Speyside Equity LLC was already a defendant at the time of removal (ECF 1-13) and the 90-day service period expired on October 6, 2022. MCGM does not attempt to show good cause for its failure to timely effectuate service upon Speyside Equity LLC.

Separately, it does not appear that MCGM effectuated service upon Speyside Equity LLC consistent with Delaware law governing service of an LLC. In serving process upon

[2] Defendants' response letter is not submitted on behalf of Speyside Equity LLC and Speyside Equity Fund LLP. (ECF 113 at 1.) Mr. Ullman filed the Notice of Removal solely on behalf of OPTA Group LLC. (ECF 1.) Speyside Equity LLC and Speyside Equity Fund LLP were the only other two named defendants at the time of removal. (See id.) It is unclear to the Court whether the docket accurately reflects that Mr. Ullman is appearing for Speyside Equity LLC and Speyside Equity Fund LLP or whether it incorrectly associates him with these two defendants based on their status as defendants in this action at the time of removal.

an LLC, Delaware provides that "[s]ervice of process shall be effected by serving the registered agent (or, if there is none, the Secretary of State) . . . ." Del. Code tit. 6 § 18-109(b). "In the event service is made under this subsection upon the Secretary of State, the plaintiff shall pay to the Secretary of State the sum of $50 for the use of the State of Delaware . . . ." Id. MCGM makes no reference to the defendant's registered agent or to the payment of $50. Mr. Ullman's letter-brief notes that the registered agent of Speyside Equity LLC is easily identified through the State of Delaware and provides a web link. (ECF 113 at 5 n.2.) However, defendants "take no position herein as to the validity of that claimed service" (id. at 4 n.1) and the limited record and absence of legal argument prevents the Court from ruling intelligently on the issue.

The Court therefore relies only on MCGM's failure to serve Speyside Equity LLC within the time allotted by Rule 4(m) and the absence of good cause shown for the failure to effectuate service. All claims against Speyside Equity LLC will be dismissed.

Speyside Equity Fund LLP. Referring to Speyside Equity Fund LLP, Mr. Ullman's letter states that "[s]o far as we are aware, no entity of this name exists." (ECF 113 at 4.) Mr. Ullman has stated in previous letters that defendants are unaware of the existence of such an entity. (ECF 38 at 2 n.5; ECF 52 at 2 n.6.) The time to serve Speyside Equity Fund LLP elapsed on October 6, 2022. MCGM's later of April 13, 2024 makes no mention of Speyside Equity Fund LLP and no affidavit of service is filed to the docket. All claims against Speyside Equity Fund LLP will be dismissed.

CONCLUSION

Because they were not timely served with process pursuant to Rule 4(m) and because MCGM has not shown good cause for its failure to effectuate service, all claims against the following defendants are dismissed without prejudice: Kay Michel, Kevin Daugherty,

Speyside Private Fund Advisers LLC, Speyside Private Fund LLP, Speyside Equity LLC and Speyside Equity Fund LLP.

SO ORDERED.

P. Kevin Castel
United States District Judge

Dated: New York, New York
April 29, 2024