UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
MCGM, GMBH,

                              Plaintiff,                      22-cv-5851 (PKC)

        -against-                           OPINION AND ORDER
                                                          ON SANCTIONS

OPTA GROUP LLC, JEFF STONE, OPTA
MINERALS, INC., SPEYSIDE EQUITY 1 LP,
and OLIVER MAIER,

                            Defendants.
-----------------------------------------------------------x

CASTEL, U.S.D.J.

        Defendants move for sanctions against plaintiff's attorney Jared B. Stamell and the law firm Stamell & Schager, LLP pursuant to Rule 11, Fed. R. Civ. P. (ECF 124.) Defendants urge that the Fourth Amended Complaint (the "Complaint") raised claims that were not warranted by existing law or by a nonfrivolous argument for extending, modifying or reversing existing law. See Rule 11(b)(2). An Opinion and Order of March 21, 2024 granted defendants' motion to dismiss pursuant to Rule 12(b)(6), Fed. R. Civ. P. (the "Opinion"). MCGM, GmbH v. OPTA Grp. LLC, 2024 WL 1250629, at *1 (S.D.N.Y. Mar. 21, 2024), reconsideration denied, 2024 WL 3070952 (S.D.N.Y. June 18, 2024). Familiarity with the Opinion is assumed.

        Defendants' sanctions motion largely relitigates their successful motion to dismiss. Defendants recite the elements of plaintiff's four causes of action, summarizes the Court's rulings, and urges that, for each claim, plaintiff "did not come remotely close to pleading a plausible claim" for relief. (See ECF 125 at 4-15.) For the reasons that will be explained, the

Complaint's shortcomings fall short of the threshold for imposing Rule 11 sanctions and the motion will be denied.

Rule 11(b) states in relevant part: "By presenting to the court a pleading . . . an attorney . . . certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances: . . . (2) the claims . . . and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law . . . ." A party may move for sanctions under Rule 11(c)(2). On April 10, 2023, defendants' counsel sent a Rule 11 "safe harbor" letter demanding that plaintiff withdraw the Complaint and received no response. (Ullman Dec. ¶¶ 2-3 & Exs. A, B (ECF 126).) Plaintiff does not dispute that defendants satisfied the safe-harbor requirement of Rule 11(c)(2). See, e.g., Star Mark Mgmt., Inc. v. Koon Chun Hing Kee Soy & Sauce Factory, Ltd., 682 F.3d 170, 175-76 (2d Cir. 2012) (discussing the Rule 11 safe-harbor requirement).

A district court has wide discretion in deciding whether Rule 11 sanctions are appropriate. See, e.g., Perpetual Sec., Inc. v. Tang, 290 F.3d 132, 141 (2d Cir. 2002). "When sanctions are imposed on motion of an adversary, the standard for triggering the award of fees under Rule 11 is objective unreasonableness and is not based on the subjective beliefs of the person making the statement." StreetEasy, Inc. v. Chertok, 752 F.3d 298, 307 (2d Cir. 2014) (quotation marks and brackets omitted).

"[R]ule 11 is violated only when it is patently clear that a claim has absolutely no chance of success." Oliveri v. Thompson, 803 F.2d 1265, 1275 (2d Cir. 1986) (quotation marks omitted). "The fact that a legal theory is a long-shot does not necessarily mean it is sanctionable." Fishoff v. Coty Inc., 634 F.3d 647, 654 (2d Cir. 2011) (affirming denial of

sanctions motion where claims "were not foreclosed a priori by binding precedent even if they were unlikely to succeed . . . ."). "When divining the point at which an argument turns from merely 'losing' to losing <u>and</u> sanctionable, we have instructed district courts to resolve all doubts in favor of the signer." <u>Associated Indem. Corp. v. Fairchild Indus., Inc.</u>, 961 F.2d 32, 34-35 (2d Cir. 1992) (emphasis in original; internal citation and quotation marks omitted). The Second Circuit has affirmed Rule 11 sanctions where a complaint annexed "suspect exhibits that were internally inconsistent and defied common sense" in support of "fanciful claims" brought in an "implausible and frivolous" action. <u>AJ Energy LLC v. Woori Bank</u>, 829 Fed. App'x 533, 534 (2d Cir. 2020) (summary order).

District courts have repeatedly explained that Rule 11 sanctions should not issue merely because a complaint does not plausibly allege a claim for relief. "[F]or sanctions to be warranted, more must be shown than a failure to state a claim . . . ." <u>Black v. Ganieva</u>, 2022 WL 2354916, at *18 (S.D.N.Y. June 30, 2022) (Engelmayer, J.). A plaintiff should not be sanctioned because its claims are "weak" or its "allegations are too conclusory . . . ." <u>Tracey Tooker & TT Ltd., Inc. v. Whitworth</u>, 212 F. Supp. 3d 429, 436 (S.D.N.Y. 2016) (Nathan, J.). "In other words, Defendants should not confuse a motion for sanctions with a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim for relief." <u>Luv N' Care, Ltd. v. Shiboleth LLP</u>, 2017 WL 3671039, at *14 (S.D.N.Y. Aug. 8, 2017) (Nathan, J.) (quotation marks omitted). "The standard for Rule 11 sanctions is quite rigorous and very rarely succeeds in cases where evidence of bad faith or aggravated misconduct is not apparent." <u>Indoafric Exports Priv. Co. v. Citibank, N.A.</u>, 2016 WL 6820726, at *4 (S.D.N.Y. Nov. 7, 2016) (Marrero, J.), <u>aff'd</u>, 696 Fed. App'x 551 (2d Cir. 2017).

As detailed in the Opinion, the Complaint unsuccessfully attempted to allege four claims under New York law directed to defendants' purported roles in the acquisition of non-party SKW Stahl-Metallurgie Holding AG ("SKW") by defendant Speyside Equity, LLC. Speyside Equity, LLC was named as a defendant but it was never served with process, and all claims against it were dismissed pursuant to Rule 4(m), Fed. R. Civ. P. (ECF 116.) Much of the Complaint described alleged mismanagement and malfeasance by defendant Kay Michel, the former CEO of SKW. While Michel was named as a defendant, the Complaint acknowledged that he "lives in Germany beyond the jurisdiction of this federal court." (Compl't ¶ 53(f).) All claims against Michel were dismissed because he was never served with process. (ECF 116.)[1]

The Opinion dismissed the claim of conspiracy to defraud because plaintiff did not plausibly allege an agreement to commit an act of fraud. 2024 WL 1250629, at *4-5. It dismissed the promissory estoppel claim because plaintiff did not plausibly allege an express promise by Michel, detrimental reliance, or that any defendant was an alter ego of Michel. Id. at *5-7. As to a claim for "conveyance without consideration," the Opinion noted that plaintiff's theory of liability was unclear, that the Complaint did not plausibly allege wrongful conduct by any defendant, and that plaintiff's briefing appeared to describe non-party SKW as the principal wrongdoer. Id. at *7-8. The Opinion dismissed the conversion claim asserted against OPTA Group LLC because the Complaint expressly acknowledged that the underlying transaction occurred pursuant to an order of a German bankruptcy court. Id. at *8-9.

The Complaint was vague and unclear as to any particular defendant's role in the transactions that resulted in the acquisition of SKW by Speyside Equity, LLC. It sometimes failed to distinguish different defendants whose names contained the word "Speyside." It

---

[1] The same Order also dismissed all claims against Kevin Daugherty, Speyside Private Fund Advisers LLC, Speyside Equity Fund LLP and Speyside Private Fund LLP for failure to effectuate service of process.

identified the job titles of defendants Maier and Stone but attributed no statements or conduct to them.  At the same time, it attempted to describe a scheme that involved interconnected limited liability partnerships, limited liability companies and a limited partnership that were all purportedly controlled by Speyside Equity, LLC.  The Complaint implicated the role of German bankruptcy law and detailed SKW's path to insolvency, including plaintiff's efforts to arrange for SKW's additional financing.

Given the complexities of the transactions described in the Complaint and the defendants' relationships, the Complaint's allegations, while implausible under Twombly and Iqbal, were not objectively unreasonable for Rule 11 purposes.  The Complaint failed to allege non-conclusory facts that plausibly described defendants' involvement in the purported schemes to transfer SKW to a private-equity firm at the expense of SKW shareholders.  But without more, weak and conclusory allegations made in support of long-shot theories for recovery are not grounds for Rule 11 sanctions.  See, e.g., Fishoff, 634 F.3d at 654; Tracey, 212 F. Supp. 3d at 436.

To the extent that defendants seek sanctions based on the Complaint's failure to allege personal jurisdiction over certain defendants (ECF 125 at 15-19), the motion will be denied.  The Opinion did not reach defendants' arguments on personal jurisdiction because it was undisputed that the Court had personal jurisdiction over at least one defendant and the Complaint failed to state a claim for relief against any defendant.  2024 WL 1250629, at *3-4.  Assuming the truth of defendants' arguments about personal jurisdiction, they have not demonstrated that plaintiff's invocation of personal jurisdiction at the pleading stage was objectively unreasonable.

Lastly, defendants' notice of motion and supporting memorandum sometimes use the terminology of Rule 11(b)(1) and (b)(3), which respectively require an attorney to certify that a pleading is not presented for an improper purpose and that its factual contentions have evidentiary support. Defendants have not identified plaintiff's failure to satisfy subsections (b)(1) or (b)(3), and to the extent they rely on these provisions of Rule 11, the sanctions motion will be denied.

CONCLUSION

Defendants' motion for Rule 11 sanctions is DENIED. The Clerk is respectfully directed to terminate the motion. (ECF 124.)

SO ORDERED.

P. Kevin Castel
United States District Judge

Dated: New York, New York
       October 7, 2024